UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| THOMAS J. SLIDER, | ) | |
| | ) | |
| Petitioner, | ) | No. 5:20-CV-343-CHB-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | & ORDER |
| TIM LANE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 30, 2020, state habeas petitioner Thomas Slider filed a *pro se* petition under 28 U.S.C. § 2254. D.E. 1. The Court recognizes that Slider is proceeding *pro se*, without the assistance of an attorney, and thus construes his petition liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Because Slider's petition is untimely and procedurally defaulted, the undersigned recommends that it be dismissed upon initial review.

## I. Background

The Kentucky Court of Appeals summarized the background of this case:

> Slider was one member of a trio that robbed the owner of a convenience store on January 25, [1998]. During the robbery, the victim was shot and died. Slider was tried and convicted of wanton murder and first-degree robbery. The jury recommended a sentence of life imprisonment instead of the death penalty. In accordance with the jury's recommendation, the trial court sentenced Slider to life, with a concurrent fifteen-year sentence on the robbery conviction. Final judgment was entered on March 27, 2000.

*Slider v. Commonwealth*, No. 2018-CA-0149-MR, 2019 WL 5855992, at \*1 (Ky. Ct. App. Nov. 8, 2019), *review denied* (Mar. 18, 2020).

## II. Timeliness

Slider's petition is untimely. Under 28 U.S.C. § 2244, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides that the limitation period begins to run from the latest of four specified dates, one of which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

According to the public docket on e-Courts, judgment against Slider was entered on March 27, 2000, in Garrard Circuit Court case 99-CR-14. Slider appealed, and the Kentucky Supreme Court issued its order denying relief on February 21, 2002.[1] The federal Supreme Court's Rule 13 provides 90 days to petition for a writ of certiorari. That 90-day period began when the Kentucky Supreme Court issued its order on February 21, 2002. It ended on May 22, 2002, and Slider's one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to run on that date.

The federal clock ran for 287 days when Slider filed a motion for post-conviction relief under Kentucky Rule of Criminal Procedure 11.42 in the trial court on March 5, 2003. A properly filed application for state post-conviction relief tolls the federal habeas deadline until that motion is resolved. 28 U.S.C. § 2244(d)(2).

The trial court denied Slider's Rule 11.42 motion, Slider appealed, and his appeal was ultimately dismissed on May 9, 2006.[2] Again, the federal Supreme Court's Rule 13 provides 90 days to petition for a writ of certiorari. That 90-day period began to run on May 9, 2006. It

---

[1] This is the date provided on the Kentucky appellate courts' website for case 2000-SC-0362.

[2] This is according to the public appellate docket for case 2005-CA-0998.

2

ended on August 7, 2006. Slider's federal statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to run again on that date. As noted, 287 days had already run. Seventy-eight days remained on the clock. Slider's federal statute of limitations then expired on October 24, 2006.

Running from the restarting of the federal habeas clock on August 7, 2006, an additional 4,148 days (more than eleven years and four months) elapsed until Slider filed a post-conviction motion under Kentucky Rule of Civil Procedure 60.02 in the trial court on December 15, 2017. The motion was denied. Slider appealed the denial of his Rule 60.02 motion. His appeal, in case 2018-CA-0149, was denied on November 8, 2019. The Kentucky Court of Appeals found that Slider had "failed to bring his motion within a reasonable time as required by [Rule] 60.02." *Slider*, 2019 WL 5855992, at *2. The Rule 60.02 motion was therefore not a properly filed motion and would not have tolled the habeas clock even if the clock had not expired on October 24, 2006. Even if Slider's Rule 60.02 motion had been properly filed, it could only toll an unexpired statute of limitations; it could not have restarted the clock that ran out in October 2006. *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003); 28 U.S.C. § 2244(d)(2). On March 18, 2020, the Kentucky Supreme Court denied discretionary review.

As demonstrated in this recitation of the procedural history, Slider's habeas statute of limitations under 28 U.S.C. § 2244(d)(1)(A) expired on October 24, 2006. Under section (d)(1)(A), his petition was filed over thirteen years too late. On August 24, 2020, the Court ordered Slider to show cause why his petition should not be dismissed as untimely and to limit his response to the issue of timeliness. D.E. 5. The Court invited him to discuss whether circumstances supported equitable tolling.[3] *Id.*

---

[3] The statute of limitations is not jurisdictional; equitable tolling may be permissible in some circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Courts apply equitable tolling "sparingly," and the burden is on the petitioner to prove its applicability. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing

3

On September 24, 2020, the Court received Slider's show-cause response.

Slider first argues that his statute of limitations is governed by 28 U.S.C. § 2244(d)(1)(D), which starts the one-year clock on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." D.E. 6 at 3.  When a petitioner relies on subsection 2244(d)(1)(D), the petitioner bears the burden of persuading the Court that he has exercised due diligence in his search for the factual predicate of his claim.  *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).  Section 2244(d)(1)(D) does not require the maximum feasible diligence, only "due" or "reasonable" diligence in light of the difficulties inherent in the prison environment.  *Id*. at 470.  A court's "proper task" in evaluating due diligence is "to determine when a duly diligent person in petitioner's circumstances would have discovered" the factual predicate.  *Id.*  A petition that "merely alleges" the petitioner did not actually know the facts underlying his claim is "insufficient to show due diligence."  *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)); *see also McDonald v. Warden, Lebanon Corr. Inst.*, 482 F. App'x 22, 29 (6th Cir. 2012).  Instead, the petitioner is "required" to provide evidence establishing the date on which he could have discovered the factual predicate through due diligence.  *Gillis v. United States*, 729 F.3d 641, 644-45 (6th Cir. 2013); *see also Moore v. United States*, 438 F. App'x 445, 448 (6th Cir. 2011).

Subsection (d)(1)(D) does not apply to Slider's petition.

Slider asserts that "Constitutional issues regarding Race during Jury voir dire" were "newly discovered" by him at some point, so his discovery of this potential issue qualifies under subsection 2244(d)(1)(D).  D.E. 6 at 3.  He describes this discovery as "newly discovered

---

two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

evidence." *Id*. at 6.  Slider says he "was never made aware [by his attorney] that Race was even an issue that could be raised in determining a fair jury selection." *Id*. at 7.  Slider states that he is "Caucasian" and the victim was "Arab (Middle-Eastern)." *Id*. at 5.  He argues that his counsel was ineffective for failing test the jurors for potential racial bias.  Slider says he discovered this racial bias issue while reading a 2007 issue of the Georgetown Law Journal.  *Id*. at 5-6.

Slider's discovery of the jury-bias rule does not constitute the "factual basis" for his jury-bias claim.  The pertinent facts underlying this claim would be the races of Slider, the victim, and the jurors.[4]  Slider had access to these facts during his trial.  Because the "factual predicate" of this claim was available to Slider at the time of trial, it does not shift the statute of limitations from subsection 2244(d)(1)(A) to (d)(1)(D).  Nor is there a basis for equitable tolling on this ground.

Second, Slider does not provide evidence establishing the date on which he could have discovered the factual predicate through due diligence, as required by *Gillis v. United States*, 729 F.3d 641, 644-45 (6th Cir. 2013).  This fact provides a second independent and adequate reason to rely on subsection 2244(d)(1)(D).  Assuming Slider's discovery of the racial bias rule could constitute a "factual predicate" (and it does not), the Court does not know how much time elapsed between this discovery and the filing of Slider's Rule 50.02 motion.  Nor does Slider provide evidence as to how soon he could he have discovered this rule through due diligence.  The constitutional rule forbidding jurors who harbor a racial bias against the defendant is quite old.  *See, e.g.*, *Hayes v. Missouri*, 120 U.S. 68, 70 (1887).  In any event, Slider's failure to provide evidence as to *when* he discovered the rule makes it impossible for the Court to

---

[4] Slider nowhere asserts that any member of the jury was non-"Caucasian," which would be a necessary element to his bias claim.

5

determine whether subsection 2244(d)(1)(D) applies or whether equitable tolling would be warranted.

Slider also argues he was prejudiced by a lack of a competency hearing or psychiatric examination. D.E. 6 at 11-14. It appears he is speaking of a lack of a pre-trial evaluation. It is not clear how this argument pertains to timeliness. Slider does not claim he suffers from any particular mental health issues, nor does he suggest that any mental health issues prevented him from filing his petition within the deadline.[5] He appears to argue that the seriousness of the issue itself warrants equitable tolling. But tolling is not dependent on the gravity or constitutional nature of the alleged claim for relief.

Slider finally argues that equitable tolling is warranted because of issues with the indictment. D.E. 6 at 15-19. But again, these arguments are not relevant concerning which § 2244 tolling provision is triggered in his case or whether equitable tolling of the habeas deadline is warranted. Slider's petition should be dismissed upon initial review as untimely.

### III. Procedural Default

In addition to being untimely, Slider's petition is procedurally defaulted. This provides an independent and adequate ground for dismissing the petition. He asserts that the claims in his petition are the same ones he brought in his Rule 60.02 motion. *See* D.E. 1; D.E. 1-2. The Kentucky Court of Appeals did not reach the merits of those claims. *Slider v. Commonwealth*, No. 2018-CA-000149-MR, 2019 WL 5855992 (Ky. Ct. App. Nov. 8, 2019), *review denied* (Mar. 18, 2020). So the claims are defaulted and hence unexhausted.

Procedural default is a threshold rule; courts generally consider procedural default before addressing the merits of a habeas petition. *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013).

---

[5] Slider's argument in his initial memorandum is that, because he faced the death penalty, he should have been automatically given a psychological evaluation to determine whether he was intellectually disabled. D.E. 1-2 at 13, 23.

6

The procedural default rule is related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition. *Id.* (citing 28 U.S.C. § 2254(b), (c)). The exhaustion and procedural default rules have the purpose of ensuring that state courts have the opportunity to address federal constitutional claims "in the first instance" before the claims are raised in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Procedural default exists when the state court invokes an independent and adequate state procedural rule to dispose of the claim. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). Default exists even when the state court rules on the merits in the alternative. *Hanna v. Ishee*, 694 F.3d 596, 607 (6th Cir. 2012); *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). When the final reasoned state court opinion rules in the alternative and one of the alternatives is a state procedural bar, then the claim is defaulted. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989).

The trial court and Kentucky Court of Appeals did not address the merits of Slider's Rule 60.02 motion. The Court of Appeals explained why the motion was not properly before the court:

> "The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). The intent of the rule is to provide "relief that is not available by direct appeal and not available under RCr 11.42." *Id.* "In order to be eligible for CR 60.02 relief, the movant must demonstrate why he is entitled to this *special, extraordinary* relief." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101 (Ky. 1998) (emphasis added).
>
> To succeed, a CR 60.02 motion must be timely. Under CR 60.02(a), (b) and (c), that motion must be filed "not more than one year after the judgment, order or proceeding was entered or taken." Under CR 60.02 (d), (e) or the catchall provision of (f), a motion must be filed within a reasonable time after the judgment, order or proceeding was entered or taken. Because of the passage of time, the only possible relief available to Slider is under CR 60.02 (d), (e) or (f).

7

>   For the following reasons, the trial court did not abuse its discretion in denying Slider's CR 60.02 motion.
>
>   First, Slider unsuccessfully filed a direct appeal where Slider either did or could have raised the issues contained in his CR 60.02 motion. He also previously filed an RCr 11.42 motion, making his CR 60.02 motion a successive post-conviction motion. As stated in *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997), "CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." Because Slider either raised or should have raised the claims made in his CR 60.02 motion either in his direct appeal or in his prior post-conviction proceeding, the trial court properly denied the motion.
>
>   Furthermore, Slider waited approximately fifteen years after his conviction was affirmed by the Kentucky Supreme Court to file his CR 60.02 motion. Slider failed to bring his motion within a reasonable time as required by CR 60.02. For that additional reason, the trial court did not abuse its discretion when it denied Slider's CR 60.02 motion.

*Slider v. Commonwealth*, No. 2018-CA-149-MR, 2019 WL 5855992, at *2 (Ky. Ct. App. Nov. 8, 2019), *review denied* (Mar. 18, 2020). Accordingly, the state court invoked two independent and adequate state procedural rules to dispose of Slider's claims, without reaching the merits. Slider's claims are therefore defalted.

A petitioner may overcome default by showing "cause" and "prejudice" for failing to exhaust. *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). "[O]nly where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." *Martinez v. Ryan*, 566 U.S. 1, 13 (2012). The Supreme Court has explained that "cause"

>   must be something *external* to the petitioner, something that cannot fairly be attributed to him: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."

*Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner."

8

*Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (quoting *Coleman*, 501 U.S. at 753). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010) (quoting *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004)).

The Court has already asked Slider to identify any obstacle that prevented him from filing a timely federal habeas petition. Slider's answers to that question are also germane to procedural default. And he has not identified any external cause that prevented him from asserting the claims in his Rule 60.02 motion in a manner compliant with state procedural rules. Slider previously filed a timely direct appeal in 2000 and a timely post-conviction motion in 2003. He has given the Court no reason to believe that he could not have similarly filed a timely federal habeas petition or pursued his claims in state court without defaulting them. He has not established cause and prejudice to excuse his procedural default.

Because Slider's petition is untimely and procedurally defaulted, it should be dismissed upon initial review.

Typically, before recommending dismissal on procedural grounds, the Court grants the petitioner an opportunity to respond to "accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

In this case, Slider has already been given an opportunity to address the timeliness of his petition. He will also have an opportunity to address procedural default by filing any appropriate

objections to this Recommended Disposition. The Sixth Circuit in *Shelton* recognized that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

### IV. Conclusion

Under 28 U.S.C. § 2243, "the district court has a duty to screen out a habeas corpus petition which is meritless on its face." *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing Section 2254 Proceedings, Rule 4. Slider's claims appear both untimely and procedurally defaulted. The undersigned therefore **RECOMMENDS** that Slider's habeas petition be **DISMISSED** upon initial review.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2254 proceedings. When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the record is clear that Slider's claims are untimely and procedurally defaulted. His petition is over eleven years too late, and the Kentucky Court of Appeals declined to reach Slider's claims on procedural grounds. No reasonable jurist would find this assessment to be wrong or debatable; thus, no Certificate of Appealability should issue.


Any objection to, or argument against, denial of the § 2254 motion must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge**. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

It is also **HEREBY ORDERED THAT** Slider's motion to appoint counsel (D.E. 3) is **DENIED.** The Constitution does not provide a general right to counsel on collateral attack. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Appointment of counsel in § 2254 actions is mandatory in two circumstances. First, where an evidentiary hearing is warranted, appointment of counsel is necessary. Rule 8(c), Rules Governing Section 2254 Cases. Slider has requested an evidentiary hearing. D.E. 1-2 at 21. But no evidentiary hearing is warranted because it is clear from the record that Slider's petition is time-barred and the issues procedurally defaulted and unexhausted. Second, counsel is required "[i]f necessary for effective discovery." Rule 6(a), Rules Governing Section 2254 Cases. Rule 6(a) requires that a Petitioner obtain leave of court in order to conduct discovery and provides that a judge may allow a party to conduct discovery for "good cause." *Id.* Petitioner has neither requested leave to conduct discovery nor demonstrated good cause to do so. Therefore, appointment of counsel is not warranted to pursue discovery.

Otherwise, the Court may provide counsel for financially eligible persons seeking relief

under § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Ultimately, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *Id.* Slider seeks counsel not only because he is untrained in law, but also because the legal computers have been removed from his institution. D.E. 3. Having reviewed the petition, justice does not require appointment of counsel because Slider's issues are clearly stated and can be resolved from the existing record. Slider has adequately presented not only his substantive claims, but also his claims related to the timeliness of his petition.

    This the 5th day of October, 2020.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge