UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| THOMAS J. SLIDER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:20-cv-343-CHB |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| TIM LANE, Warden, ) | **JUDGE'S RECOMMENDED** |
| ) | **DISPOSITION** |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Recommended Disposition & Order ("Recommended Disposition") filed by United States Magistrate Judge Hanly A. Ingram [R. 7]. The Recommended Disposition addresses Plaintiff's Response [R. 6] to this Court's Order directing Plaintiff to show cause why this matter should not be dismissed as untimely [R. 5]. The Magistrate Judge recommends that Plaintiff's habeas petition [R. 1] be dismissed and his Motion for Appointment of Counsel [R. 3] be denied.

In his Recommended Disposition, Magistrate Judge Ingram detailed the procedural history of Plaintiff's case and discussed the timeliness of Plaintiff's petition under 28 U.S.C. § 2244. [R. 7, pp. 1–3]  Plaintiff was convicted for wanton murder and first degree robbery, and the final judgment was entered in that case on March 27, 2000. Under 28 U.S.C. § 2244, Plaintiff could seek a writ of habeas corpus within one year from the date on which that judgment "became final by the conclusion of direct review of the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Plaintiff appealed the final judgment, and it was affirmed by the Supreme Court of Kentucky on February 21, 2002 and became final on May 22, 2002, when the time to file for a writ of certiorari expired. [R. 7, p. 2]. Thus, Plaintiff's one-year statute of

limitation began to run on May 22, 2002. *Id.* After 287 days, the statute of limitations was tolled when Plaintiff filed a motion for post-conviction relief in state court. *Id.* (citing 28 U.S.C. § 2244(d)(2)). This motion was denied, his appeal was dismissed, and the statute of limitations began running again on August 7, 2006. *Id.* at 3. It then expired on October 24, 2006. *Id.* Accordingly, as the Magistrate Judge explained in his Recommended Disposition, Plaintiff's petition for a writ of habeas corpus was filed approximately thirteen years too late. *Id.* The Magistrate Judge discussed each of Plaintiff's arguments set forth in Plaintiff's Response [R. 6] to this Court's Order directing Plaintiff to show cause why this matter should not be dismissed as untimely [R. 5]. [R. 7, pp. 4–6]. The Magistrate Judge found that these arguments lacked merit, and equitable tolling did not apply. *Id.* The Magistrate Judge also explained that Plaintiff's petition is procedurally defaulted, due to an independent and adequate ground for dismissing the petition on state grounds. *Id.* at 6–9.

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections must be filed within fourteen (14) days. *Id.* at 10. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–

50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 7**] is **ADOPTED** as the opinion of this Court;

2. Defendant's Petition for Writ of Habeas Corpus [**R. 1**] is **DISMISSED**;

3. Defendant's Motion for Appointment of Counsel [**R. 3**] is **DENIED**;

4. This matter is **STRICKEN** from the Court's docket.

This the 26th day of October, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY